OPINION
SLOVITER, Circuit Judge.
Corey Roane, who pled guilty to being a felon-in-possession of a firearm, appeals the District Court’s denial of his motion to suppress a gun found on him during a pat down search that-was made pursuant to a valid Terry stop. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
I.
At about 3 p.m. on August 1, 2007, the Wilmington Police Department radio dispatch broadcast a call about a robbery at the Temptations Ice Cream Parlor in the Trolley Square area of Wilmington, Delaware. The call described the suspect as “a black male on a ten-speed bike, last seen wearing a black t-shirt and a black doo-rag and shorts ... [l]ast seen headed northbound on DuPont.” SuppApp. at 16. Officer Murdock responded to that call and saw Roane, a black male who was wearing a black doo-rag, pants, and a dark t-shirt, and who was riding a bicycle northbound on DuPont about two blocks from Temptations.
Murdock stopped Roane, then placed his hand on Roane’s wrist and guided Roane to his police ear where he frisked Roane and found a gun in Roane’s waistband. Murdock removed the weapon, placed Roane in handcuffs, then drove Roane to Temptations, where the robbery victim concluded that Roane was not the robber. Roane was later indicted for one count of felon-in-possession of a firearm. See 18 U.S.C. § 922(g)(1).
Roane moved to suppress the gun as the fruit of a seizure and search that violated the Fourth Amendment, U.S. CONST, amend. IV, on the ground that it was unreasonable for the police to stop and search him. After evidentiary hearings, the District Court denied the motion, holding that the stop was justified because Roane “met almost all of the descriptions provided by the robbery victim,” App. at 14, and that the search was reasonable because Murdock could “infer that some type of force was used to effect the robbery,” App. at 16. Roane then pled guilty, *566 preserving his right to appeal the District Court’s decision not to suppress the gun.[1]
II.
“We review the denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the district court’s properly found facts.” United States v. Coles, 437 F.3d 361, 365 (3d Cir.2006).
Roane appeals only the District Court’s holding that the search was justified. In United States v. Edwards, we articulated the constitutional standard for whether a search conducted pursuant to a lawful stop violates the Constitution:
In Terry, the Supreme Court held that a police officer, during the course of a Terry stop, may conduct a “reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual.... ” Id. at 27[ 88 S.Ct. 1868]. The test is “whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.” Id. (citations omitted). Finally, in determining whether the officer acted reasonably under the circumstances, “due weight must be given, not to his inchoate and unpar-ticularized suspicion or ‘hunch,’ but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.” Id. (citations omitted).
53 F.3d 616, 618 (3d Cir.1995).
Roane argues that the District Court clearly erred by inferring that Murdock believed that he “conducted the pat down to ensure officer safety as Murdock did not know whether a weapon was used to commit the robbery at Temptations.” App. at 12. More specifically, Roane asserts that “a complete review of the transcripts of the evidentiary hearings show[s] that Mur-dock never stated that he performed the pat-down because he did not know if a weapon was used.” Appellant’s Reply Br. at 2-3.
The inference drawn by the District Court, however, is well supported by the record. The dispatch did not specify whether the robber had a weapon, and Murdock testified that he patted Roane down to protect his safety and that of others. More importantly, this and Roane’s other arguments concerning Murdock’s subjective reasons for frisking Roane are misplaced: the Supreme Court has made clear that “[a]n action is ‘reasonable’ under the Fourth Amendment, regardless of the individual officer’s state of mind, as long as the circumstances, viewed objectively, justify [the] action.” Brigham City v. Stuart, 547 U.S. 398, 404, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (internal quotations omitted).
The information available to Murdock made the search of Roane objectively reasonable. Roane closely matched the description of a man who committed a robbery in broad daylight, a crime the very nature of which suggests that a weapon was involved. Despite Roane’s protestations to the contrary, no further investigation was necessary to justify a protective search, and, given the other circumstances, the facts that Roane did not make any “furtive movements” or “appear nervous” when he was stopped are largely irrelevant. Supp.App. at 58-59.
Roane suggests that because the dispatcher did not state whether or not the robber had a weapon, a reasonable officer would not have inferred that the robber *567 was armed. Without affirmative information that the robber did not possess a weapon, Murdock acted reasonably to protect himself.
We look to our decision in Edwards, which involved a suspected credit card fraud at a bank. 53 F.3d at 617. The radio dispatch about the crime apparently did not mention whether the suspects were armed. See id. at 618. Despite this, the panel held that there was “no error in the district court’s conclusion that [the officer who ‘frisked’ the defendant] had reason to believe that he could be facing armed and dangerous felons ... [because the] fraud occurred at a bank in broad daylight [which] could lead one to believe that the perpetrators might have armed themselves to facilitate their escape if confronted.” Id. The court noted that even though “the radio bulletin did not describe [the crime] as a bank robbery, it [was still] reasonable to conclude that the suspects might use force and be armed.” Id.; see also Terry, 392 U.S. at 27, 88 S.Ct. 1868 (“a daylight robbery ... it is reasonable to assume, would be likely to involve the use of weapons”). Roane’s attempts to distinguish Edwards are unpersuasive.
III.
For the reasons set out above, we will affirm the District Court’s ruling.

. The District Court had jurisdiction under 18 U.S.C. § 3231 and this court has jurisdiction under 28 U.S.C. § 1291.